# SUPREME COURT.

## Burr Seeley agt. Clark S. Chittenden and others.

Principles on granting new trial for newly discovered evidence stated.

Proof of an *alibi* is not matter of impeachment, within the rules which refuses a new trial for the sake of impeaching a witness.

The general rule in litigated causes, is for each party to put in all his evidence before resting, and to be confined afterwards to evidence in reply.

The order of proof it seems is much under the discretion of the presiding judge.

Where a plaintiff in an action for tort which lasted two days, reserved his principal witness against one of the defendants until the close of the case, and then took the defendant by surprise, and the defendant showing an *alibi*, on his motion for a new trial for newly discovered evidence, the court granted a new trial, and in consequence of the plaintiff's irregularity in so reserving the witness, excused the defendant from paying costs.

It seems to be the practice on a motion for a new trial for newly discovered evidence, for the party making the motion to have the case made and settled containing the evidence given on the trial, so that the court may see the materiality of the newly discovered evidence.

It is too late to raise the objection that the case is not settled, after commencing the argument. The party objecting should move to strike the cause from the calendar.

In a joint action of tort against several, where all have united in the plea of the general issue, there may be a new trial as to one of the defendants, leaving the verdict undisturbed as to the others.

*St. Lawrence Special Term, August,* 1849.—This is a motion for a new trial on the ground of newly discovered evidence and surprise, and was argued at the St. Lawrence special term in August, 1849. The action was assault and battery and false imprisonment brought against Chittenden and three others, for discharging a loaded gun at the plaintiff, whereby he lost a leg, and for unlawfully arresting and imprisoning him. The occurrence took place at Hopkinton, St. Lawrence county, in February 1848. The cause was tried before Harris, J., at the St. Lawrence circuit in June, 1849, when a verdict was found for the plaintiff, against all the defendants for $2000. It was not pretended that Chittenden fired the gun, but he was sought to be implicated with the other defendants, all of whom were in a crowd surrounding the plaintiff, when he was arrested, and one of whom discharged a loaded gun at the plaintiff. The defendant Chittenden was connected with the transaction, by the testimony of one Young, introduced on the part of the plaintiff, at the close of the case on the second day of the trial, who swore that Chittenden gave the word " fire." The fact is positively denied by Chittenden, and he has given satisfactory proof that at the time the word fire was given, he was not among the crowd, but in his own store, at a dis-

tance from the affray, and taking no part in it.    He swears that he was
taken by surprise by the testimony of Young.    Other facts are stated
in the opinion of the court.

The motion was argued by

WM. A. DART, *for the defendant Chittenden.*
JAMES & BROWN and C. G. MYERS, *for the plaintiff.*

WILLARD, Justice.—The principles by which this court is governed in
granting new trials on the ground of newly discovered evidence were ela-
borately discussed in *The People* v. *The Supreme Court of New York,* (5
Wend. 114, and S. C.) on demurrer to the return to the mandamus, (10
Wend. 285.)    The following principles were treated by Chief Justice
SAVAGE as settled: "1. That the testimony must have been discovered since
the former trial.    2. It must appear that the new testimony could not
have been obtained with reasonable diligence on the former trial.    3. It
must be material to the issue.    4. It must go to the merits of the case,
and not to impeach the character of a former witness.    5. It must not be
cumulative."    It cannot be denied in this case, that the testimony offered
is material to the main issue in the cause, nor that it has been discovered
since the former trial.    The defendant, Clark S. Chittenden, swears posi-
tively that he did not give the order to fire, and that at the time the gun was
fired he was in his store and had been for twenty minutes before. He could
not, therefore, have presumed that any person would swear that he did
give the word "fire," at the time the gun was discharged, which occa-
sioned the injury to the plaintiff, for which this action was brought. He
is not, therefore, chargeable with *laches* in not preparing to disprove the
fact of his having given such an order. The testimony goes to the *merits*
of the action and not merely to impeach a witness. Although the effect of
the evidence will throw a doubt over this testimony of Young, and thus in-
directly impeach either the accuracy of his hearing or recollection, or his in-
tegrity as a man, yet this is not such impeachment as the rule in question
contemplates.    That rule has in view evidence bearing solely on the col-
lateral issue of character and not the indirect impeachment resulting from
the proof of a material fact in the cause.    Nor is the testimony *cumula-
tive,* within the meaning of the rule.    The principles applicable to that
branch of the subject were discussed by SAVAGE, Ch. J. (Sup. 10, Wend.
293, 294.) "Cumulative evidence," says the learned Judge, "means addi-
tional evidence to support the same point, and which is of the same char-
acter with evidence already produced."    The defendant was not appriz-
ed by the pleadings, of the particular evidence that would be adduced

against him. Nor is it shown that he knew before the trial, that Young would charge him with giving the word of command and thus connect him with the battery. This was not the point mainly litigated on the trial, for the defendant swears that he did not know that it would arise until the testimony was given.

The granting a new trial on the ground of newly discovered evidence rests very much in the sound discretion of the court. This discretion is governed by fixed rules. In determining whether a particular case calls for the exercise of that discretion, courts have a right to look at all the surrounding facts and circumstances attending the trial. From the affidavits it appears that this trial commenced on Saturday, at the court house in Canton; that the plaintiff rested his cause about noon of that day, without swearing his principal witness, Young; that the defence occupied the remainder of Saturday and a part of Monday, and that it was not until after the defendant rested on Monday, that the witness Young was introduced by the plaintiff. The affidavit of the plaintiff's attorney shows that the witness had been in attendance during the entire week. Why was his examination postponed until so late an hour? The general rule, in the trial of litigated causes, is, for each party to give all his evidence before he rests, and to be confined subsequently merely to evidence in reply. Had this course been adopted here, the defendant would have had the whole of Saturday afternoon and Monday forenoon, to procure from a distance of only eighteen miles, the witness he now seeks to introduce. The course pursued by the plaintiff on the trial gave him not a moment. The main blow was reserved by the plaintiff till the defendant had neither the means to repel it, or to escape from its force.

I am aware that the mode of conducting the examination of witnesses at *nisi prius*, is, and must be much under the discretion of the judge who presides; and that in country courts, we have not always held the parties to the strictness in this respect, which is almost invariably adopted in the large cities and towns. The better knowledge the counsel and parties have of their witnesses in the country, renders the rigorous enforcement of the rule in question unnecessary, and sometimes oppressive. But, still, it is open to observation that in the present case, the defendant was taken by surprise at the close of the trial, by the testimony of a witness, who, according to the general usage at the circuit, should have been examined two days before. This *surprise* gives point and force to the present application; and more especially so, when we consider that it was occasioned by the plaintiff himself. Ought he to be permitted to retain an advantage which he has thus unfairly obtained?

This case presents stronger equities for a new trial on the ground of newly discovered evidence than that of *Sergent* v. *Dennison,* (5 Cowen, 106, 122, 123.)   In that case it was remarked that proof of an *alibi* does not fall within the rule of impeaching a witness.   The remarks of SUTH-ERLAND, J., in the conclusion of his opinion, (p. 122, 123) bear strongly in favor of the present motion.   The case of *Shumway* v. *Fowler,* (1 J. R. 425,) and *Durya* v. *Dennison,* (5 id. 249,) are distinguishable from this case, and, indeed, afford illustrations of the rule which forbids a new trial merely to impeach a witness on a former trial.   In the present case, the motion assumes that Young swore to the truth as to the main fact, that the order to. fire was given and obeyed.   It controverts the fact that the plaintiff gave it by showing an *alibi;* a fact which Suther-land says, *supra,* is not matter of impeachment.   The fact that such order was given by somebody is not denied, and was indeed proved by other witnesses.   Young might well have been mistaken in the person by whom it was given.   The defendant, knowing that such order was given by others and not by himself, could not be presumed to foresee that the plaintiff could find a witness, who, at the last moment of the trial, would swear that the defendant gave the order.

With regard to the objection that the plaintiff has not had time to have the case or bill of exceptions settled, it is to be observed that this is not the mode in which it should be taken.   He should have moved to strike the cause from the calendar, or to postpone the argument, neither of which was done.   The case is shown by the affidavit of the defendant's attorney to contain all the material evidence that was given on the trial.   The plaintiff's attorney merely swears that "the bill of exceptions is very defective," but does not show in what respect.   The present motion required only a statement of the material evidence given on the trial, in order that the pertinency of the testimony offered might be perceived.   As a general rule the better practice is to have the case settled or agreed upon, before such motion as the present is made.   But the plaintiff, by going to argument on the merits, has waived a compliance with this technical rule.

Nor is there any force in the objection, that, as the defendants united in the plea of not guilty, and the verdict is against several, a new trial cannot be granted on the application and in favor of one alone.   The rule which makes all who unite in the same *justification* share the same fate, is technical, and was never applied to the general issue.   It is competent under the plea of not guilty for the jury to find for one or more of the defendants and against the rest.   It is every day's experience where several are sued for the same tort, for the court to direct the acquittal of

a part, and suffer the cause to proceed as to the rest. This was done by the learned judge, with respect to one of the defendants on the present trial. See *McMartin* v. *Taylor*, (2 Barb. S. C. Rep. 356,) as to this practice. If this may be done, no objection is perceived to the granting of a new trial as to one of several defendants, against whom a verdict has been rendered for a tort.

There must be a new trial granted to the defendant, Clark S. Chittenden, with costs to abide the event. This rule is usually granted on payment of costs, but as the motion is rendered necessary in consequence, in part, at least, by the plaintiff's own act, I think he should be excused from costs as the condition for granting the rule, and that they should be left to abide the event.