JACOB VAN SLYCK, Appellant, *v.* JACOB SNELL and HENRY SNELL, Respondents.

(GENERAL TERM, FOURTH DEPARTMENT, JUNE, 1872.)

A joint judgment against several in an action of tort may, on appeal, be reversed as to one or more of the defendants and affirmed as to the others.

Plaintiff and defendant occupied adjoining lands. Plaintiff removed a portion of the line fence between them and notified defendant that he had done so, and to remove his cattle, which defendant did not do, but shortly afterward removed the remainder of the fence. *Held*, that defendant was liable for damage done to plaintiff's field by the cattle, after the entire fence between them had been removed.

Van Slyck *v.* Snell.

APPEAL from the judgment of a County Court reversing the judgment of a Justice's Court. The facts sufficiently appear in the opinion.

*J. A. & A. B. Steele*, for the appellants.

*Link & De Camp*, for the respondent.

Present—MULLIN, P. J.; JOHNSON and TALCOTT, JJ.

By the Court—JOHNSON, J. The action was trespass for defendants' cattle breaking and entering the plaintiff's close, eating and destroying the grass, and trampling upon and injuring the soil of a certain meadow. The plaintiff recovered judgment in the Justice's Court where the action was brought, which was reversed on appeal by the County Court. The judgment was a joint judgment against both defendants, and the reversal was placed upon the ground that no cause of action was made out by the evidence in the Justice's Court against Jacob Suell, one of the defendants, and that a judgment against both was, therefore, erroneous, not only as to him, but as to his co-defendant also, and that the entire judgment must, as matter of law, be reversed for that reason. This decision is in accordance with the decision in the case of *Farrel* v. *Calkins* (10 Barb., 348), decided in 1851, in the sixth judicial district, and was based upon it.

That decision does not appear to have been expressly overruled, though its correctness has been questioned in the case of *Gerard* v. *Stagg* (10 How. Pr. R., 369), in the New York Common Pleas, and in the Supreme Court by HOGEBOOM, J., in the third judicial district, in the case of *Field* v. *Mould* (15 Abb., 6, 11). A contrary opinion was also expressed in the eighth district by MARVIN, J., in *Kasson* v. *Mills* (8 How. Pr. R., 377, 379). See also note to case of *Story* v. *The New York & Harlem R. R. Co.* (6 N. Y., 86), in which the reporter seeks to show that in a judgment against several in an action of tort, such judgment may on appeal be

reversed as to one or more of the defendants and affirmed as to the others.   In the reporter's note above referred to, the case of *Campbell* v. *Perkins* (afterward reported in 8 N. Y., 430) is cited, where there was a joint judgment in favor of several defendants, which was affirmed by the General Term of the Supreme Court, but which in the Court of Appeals was affirmed as to one of the defendants, but reversed and new trial ordered as to the others   That was a case where several defendants were sued as common carriers, and they all had judgment on the ground that there was no liability on their part to the plaintiff.   But one of the defendants had established in the court below a discharge under the bankrupt law.

The Code, § 366, is very explicit upon this point, and seems to leave no room for doubt or hesitation.   " In giving judgment, the court may affirm or reverse the judgment of the court below, in whole or in part, and as to any or all the parties, and for errors of law or fact."   It is difficult if not impossible to see how any question could ever have arisen under this clear and unqualified provision of the Code, in respect to the right and power of the court, on appeal, to reverse a judgment as to one defendant and affirm it as to the other, especially in an action of tort, where a cause of action had been made out against one, and not against the other.   In such a case the plaintiff is entitled to a several judgment against the one, but not against the other.

The error is in the joint judgment.   But the party against whom a good cause for judgment has been established has no just reason to complain.   It is the innocent party alone who has been injured, in contemplation of the law, and this injury may be redressed by a reversal of the judgment as to him in the appellate court, leaving it to stand as to the other. This course would be altogether in furtherance of justice, and ought to be followed, if the power is clear, for the reason that it saves the trouble and expense of a new trial and puts an end to further litigation.   This court may render the judg

ment which the County Court should have rendered. (*Brow-nell* v. *Winnie*, 29 N. Y., 400.)

The case of *Farrell* v. *Calkins* (*supra*) was like the case at bar, an action of tort, against several defendants, but the decision in that case is not only in direct opposition to the provision of the Code, but is contrary to the decision of the Court of Appeals in *Campbell* v. *Perkins* (*supra*), and was, as we think, clearly erroneous, and ought not to be followed.

The County Court was clearly right in holding that no cause of action was shown upon the trial against the defendant, Jacob Suell. He was the general owner of a part of the cattle which committed the trespasses, but had rented them with his farm to the other defendant, who had the sole cus tody and control over them when the injury was done. The latter was alone liable, under the circumstances, for the injury. The County Court also properly held that the removal by the plaintiff of his part of the line fences did not affect his right of action. It appears from the evidence that the line fence between the two farms was one which both parties had been in the habit of removing late in the fall, to prevent its being carried away by the spring floods, and replacing again in the spring after the high water was over. The plaintiff, before the commission of the injuries, removed his portion of the fence first, and gave notice to the defendant Henry to take out his cattle. The defendant Henry, within a very few days afterward, removed his portion of the line fence also, but did not take his cattle out of the field separated by the line fence from plaintiff's meadow. There being no line fence kept up by either party, the defendant Henry was liable for the injury done by his cattle upon the plaintiff's land.

The judgment of the County Court must, therefore, as to the defendant Jacob Suell, be affirmed; and as to the defendant Henry Suell, the judgment of the County Court must be reversed and that of the justice affirmed.

Ordered accordingly.