CHARLES L. HOWK, RESPONDENT, *v.* CORNELIUS B. BISHOP, IMPLEADED WITH TALMADGE ECKERT, APPELLANT.

*Judgment — entry of, in action against two defendants where only one answers — Reversal of judgment, where one appeals — effect of — Execution — when set aside.*

In an action against Eckert as maker and Bishop as indorser of a promissory note, the former answered and the latter suffered a default; upon the trial a judgment was entered against both for damages and costs. Upon an appeal by Eeckert the General Term reversed the judgment and granted a new trial. Upon the second trial Eckert was successful and recovered judgment against plaintiff for his costs. Subsequently plaintiff issued an execution against Bishop under the original judgment, in which was included the costs. Upon a motion to set aside the execution, *held*, that upon reversal of the former judgment none existed against Bishop under which an execution could issue, and that, in any event, Bishop could not be charged with the costs incurred by the defense interposed by Eckert.

APPEAL from an order of Special Term denying a motion made by the defendant Bishop to set aside an execution.

The action in which this judgment was entered was commenced upon a note made by the defendant Eckert to the order of the defendant Bishop for the sum of fifty-five dollars. The action was

against Eckert, as maker, and Bishop, as indorser. Eckert defended and Bishop suffered default. It was tried before a referee, who reported in favor of the plaintiff, and a judgment was accordingly entered June 18, 1873, for fifty-six dollars and seventy-nine cents damages and one hundred and forty-three dollars and eighty-four cents costs against both defendants.

The defendant Eckert appealed from this judgment to the General Term. The decision of the General Term was filed November 17, 1874, in the following language: "Judgment reversed, referee discharged and new trial granted, costs to abide the event."

On a new trial, in January, 1875, the defendant Eckert had a verdict.

The execution sought to be set aside was issued under the original judgment, and was tested April 7, 1875, after the reversal of the judgment, and the new trial and verdict for defendant.

The motion in this case was made by the defendant Bishop to set aside the execution.

*Wm. Lounsbery,* for the appellant.

*S. L. Stebbins,* for the respondent.

BOARDMAN, J.:

It is undoubtedly true that the General Term has power to reverse a judgment upon appeal as to one defendant and affirm it as to another. (*Geraud* v. *Stagg,* 10 How., 369; *Story* v. *N. Y. and H. R. R. Co.,* 6 N. Y., 86, note; Code, § 366; *Van Slyck* v. *Snell,* 6 Lans., 299; *Angell* v. *Cook,* 2 T. & C., 175; 4 Wait's Prac., 523.) But it does not follow that the power must be exercised because it exists. In the present case the judgment of $200.63 was, in fact, reversed by the General Term. Such reversal left no judgment against the defendants or either of them. A new trial was granted to defendant Eckert, who alone appeared and defended. Upon such new trial the defendant Eckert succeeded and recovered a judgment for his entire costs against the plaintiff. Upon what principle of justice, then, would a court make Bishop, who had suffered a default in the action, pay to the plaintiff his costs incurred in an unsuccessful contest with Eckert, while Eckert was at the same time collecting his own costs of his successful defense out of the plaintiff? The defendant Bishop did not

choose to take the risk of a litigation. He therefore did not appear in the action, but suffered default. The liability of Bishop was several as well as joint. The plaintiff therefore, upon proper proof, might have entered a separate judgment against Bishop, with costs, as upon a default, and have had execution thereon. Doubtless that may still be done. But the judgment against Eckert and Bishop having been reversed wholly, it cannot be made the basis of an execution against Bishop any more than it can against Eckert. I think the General Term did right in reversing the judgment as to both defendants. There is no reason why Bishop should be held to pay an erroneous judgment for costs because he suffered a default.

The record of judgment does not show any service of the summons and complaint upon Bishop, or any default on his part. Nor do such facts elsewhere appear, unless by implication. For this reason, also, it seems to me the execution is not sustained or justified by the judgment.

I think, therefore, that the order of the Special Term should be reversed, with ten dollars costs and expenses of printing, and the motion to set aside the execution should be granted, with ten dollars costs.

Present — LEARNED, P. J., BOCKES and BOARDMAN, JJ.

Order reversed, with ten dollars costs and printing, and execution set aside, with ten dollars costs.