JOHN ATWATER, APPELLANT, *v.* LYDIA A. LOWE, RESPONDENT.

*Trespass — liability of the owner of cattle for their trespasses while in the possession of a tenant.*

The owner of cattle is not liable for the damages caused by them, while trespassing upon the lands of others, when the cattle are in the possession and under the control of a tenant to whom both farm and cattle have been leased for a term of three years.

*Van Slyck* v. *Snell* (6 Lans., 299) followed.

*It seems* that the decision might be different if the cattle had been in the possession of an agister, as his possession is more in the nature of that of an agent or bailee, the owner remaining constructively in possession and being entitled at any time to take the cattle into his actual possession.

APPEAL from an order of the County Court of Allegany county, granting a new trial to the defendant.

*Richardson & Smith,* for the appellant.

*A. J. Hibbard,* for the respondent.

HAIGHT, J.:

This action was originally commenced in Justice Court and was retried in the County Court, resulting in a verdict in favor of the plaintiff. Subsequently the defendant moved for a new trial upon the minutes of the court and the motion was granted; from this order the plaintiff appeals to this court. The action was brought by the plaintiff to recover damages alleged to have been sustained by reason of a trespass upon his premises by cattle owned by the defendant. The defense was that the defendant had leased her farm with the cattle thereon to one Theron Foster for the term of three years, and that Foster was in the possession of the farm and of the cattle as her tenant at the time of the alleged trespass. The evidence given upon the trial established the defense. At the close of the evidence the defendant moved for a nonsuit, the motion was denied and exception taken. The case was then submitted to the jury and resulted in a verdict in favor of the plaintiff. The only question presented upon this appeal is whether or not the owner of cattle is liable for the damages caused by them whilst trespassing upon the lands of others when the cattle are in the possession and under the control of a tenant.

This question was disposed of by the General Term of the late Fourth Department in the case of *Van Slyck* v. *Snell* (6 Lans., 299). JOHNSON, J., in delivering the opinion of the court, says: " The County Court was clearly right in holding that no cause of action was shown upon the trial against the defendant Jacob Snell. He was the general owner of a part of the cattle which committed the trespasses, but had rented them with his farm to the other defend ant, who had the sole custody and control over them when the injury was done. The latter was alone liable under the circum stances for the injury."

This is a decision of the General Term in our own department, and unless we are convinced that it is clearly erroneous we should regard it as controlling upon the question. We have not been able to find any decision in this State holding a different doctrine, but, on the contrary, it appears to be in accordance with the weight of authority.

It is said in Cooley on Torts, at page 340, that " the liability for the trespasses of animals is imposed not because of ownership but because of possession and the duty to care for them. Therefore, if they are in the hands of an agister, or of any one who by agree ment with the owner has the care and custody of them for the time being, and are suffered to escape and do mischief, he and *not the owner* is the party responsible."

In the case of *Kennett* v. *Durgin* (59 N. H., 560), it was held that the owner of cattle kept on land of another, but remaining in his own care and control, is liable for their trespasses on land of a third person, but if occupant of the land has the custody, he and not the owner of the cattle is liable.

In the case of *Rossell* v. *Cottom* (31 Penn., 525), it was held that where cattle are placed in the possession of another for agistment, the person having the absolute ownership is not liable in trespass for injuries done by them.

In the case of *Ward* v. *Brown* (64 Ill., 307), it was held that an action of trespass will not lie against the owner of cattle for tres passes committed by them while they are in the hands of an agistor or bailee.

In the case of *Moulton* v. *Moore* (56 Vt., 700), it was held that one having the care and custody of cattle as a lessee of a farm and

the stock thereon, is under the same liability for the damage done by the cattle as if he were the owner. (See, also, *Tewksbury* v. *Bucklin*, 7 N. H., 518; *Gordon* v. *Harper*, 7 Durnf. & East, 9; *Hull* v. *Pickard*, 3 Camp. Nisi Prius, 187.)

We are aware that in Massachusetts and Maine there are conflicting decisions. (See *Weymouth* v. *Gile*, 72 Me., 446; *Sheridan* v. *Bean*, 8 Metc., 284.) But in each of these cases the cattle were in the possession of an agister. An agister is one who takes cattle for hire to pasture or care for. We think there is a distinction between a person having possession of cattle as an agister and one who has possession as the lessee of a farm and the cattle thereon. In the case of an agister, the possession is more in the nature of an agent or bailee, the owner remaining constructively in the possession, may at any time take them into his actual possession; but in the case of a lessee, the owner's interest in the cattle is parted with for the term of the lease. Within that term he is not entitled to their products, cannot regain their possession, and they are not subject to his management or control.

Without, therefore, deciding the question as to whether or not the owner would be liable in case the cattle had escaped from the possession of an agister and committed trespass, we are of the opinion that when the escape is from the possession of a lessee of a farm and the cattle thereon, the owner is not liable for the trespass.

The order of the County Court granting a new trial should be affirmed.

BARKER and BRADLEY, JJ., concurred.

SMITH, P. J.:

If the principal question in this case were *res nova*, I would incline to the opinion that the owner of cattle cannot relieve himself from his liability for damages done by them while trespassing on the lands of another, by any arrangement he may make with a third person respecting their custody and control. If he leases them, his lessee is *pro hoc vici* his agent, and the owner is liable for his negligence. (Addison on Torts, 324.) But upon the authority of *Van Slyck* v. *Snell* (6 Lans., 299), I vote for affirmance.

Order affirmed, with costs of this appeal to abide the event.