JOHN S. MARSH, Respondent, v. WALTER M. HAND and
GEORGE F. HAND, Appellants, Impleaded with BUELL
CUMBER.

*Negligence — liability of the owner of animals for injuries done by them to persons,
while trespassing on their lands — liability of a joint owner, not in possession, of the
animal.*

The plaintiff brought this action to recover damages for injuries sustained by his
being butted by a vicious ram, which had trespassed upon his premises from
lands owned by the defendants Hand, but occupied by the defendant Cumber
under a contract which left the Hands the owners of the sheep remaining on
the place when it was leased to Cumber, and required him to leave the same
upon the place on leaving it, or to pay cash therefor.

The ram which butted the plaintiff was not one of those left on the place by the
Hands, but was received by Cumber in exchange for a ram left there by the
Hands, and was placed there by Cumber without their knowledge or consent.

*Held,* that as the Hands were not the owners or possessors of the ram, they were
not responsible for the injuries done by him through Cumber's negligence.

That even if it could be held that they were tenants in common of the ram, they
could not be held responsible for the negligence of Cumber, who was the sole
possessor and had the right to such possession until the end of his year.

Appeal from a judgment in favor of the plaintiff, entered at the
Broome Circuit upon the verdict of a jury, and from an order deny-
ing a motion for a new trial made upon a case and exception.

The plaintiff, in April, 1884, resided in the town of Binghamton,
upon a farm adjoining premises occupied by the defendant Cumber,
which last mentioned premises were owned by one Stephen D. Hand
at the time of his death, and were occupied by said Cumber, under
an agreement with the defendants Walter M. Hand and George F.
Hand, as executors of the last will and testament of said Stephen D.
Hand. The defendant Cumber took possession of the premises
April 3, 1882, and continued in possession under extensions of the
same contract up to the time of the trial. The defendants Hand left
a quantity of stock on the farm at the time that Cumber took pos-
session; and some months after, and in November, 1882, Cumber
exchanged the ram upon the place for another, which exchange was
made without the knowledge of the Hands, nor did they ever know
of such exchange, or that the ram was on the place, until after the
injuries complained of by the plaintiff.

April 1, 1884, this ram went upon the premises of plaintiff, and while upon his premises butted plaintiff and inflicted injuries upon him, and this action was brought to recover for the injuries so received.

It is conceded, for the purposes of this appeal, that the defendant Cumber knew the ram in question to be vicious, and that the other defendants did not know it.

*Wales, Hand & Fish,* for the appellants.

*Edmund O'Connor,* for the respondent.

BOARDMAN, J.:

The plaintiff recovered for injuries inflicted upon him by a vicious ram, which had trespassed upon his premises from lands owned by defendants Hand, but occupied by defendant Cumber under a peculiar contract. It is conceded that Cumber knew the ram was vicious and that the defendants who appeal, the Hands, had no such knowledge prior to plaintiff's injury, unless Cumber's knowledge is to be imputed to them. We will refer to the contract set out in the case for the language used, without repeating the same here.

The learned justice at Special Term holds, that the Hands, by virtue of the contract, remain the owners of the sheep left on the place when Cumber took it — that it was not a sale of the sheep to Cumber. We are inclined to accept that as a just conclusion, though there are features in the contract leading to a different result, notably where it provides that Cumber "shall leave upon the farm as large a quantity of hay and stock, and as good as he found on taking possession, or pay the Hands the cash value of the same." This language indicates an absolute right of disposition of the stock and but for other clauses of the contract we should so hold. However that may be, Cumber exchanged the ram left on the place by the Hands, without their knowledge and consent, for the vicious ram which did the injury. So far as appears the Hands never knew of such exchange prior to plaintiff's injury.

If the title to the sheep remained in the Hands after Cumber went into the possession of the farm, it has not been divested by Cumber's act in making the exchange. The contract does not give Cumber any right to sell or convert the property of the Hands and they have never authorized or ratified Cumber's act. Cumber may be liable under the final clause of the contract above quoted for the

value of the ram disposed of, unless he substitutes therefor something of equal value, which the Hands choose to accept as equally good. Until the end of the contract and such acceptance the vicious ram so acquired remained the property of Cumber. He kept it on the farm in and for the joint benefit and interest of the defendants. It was there for use, and though owned by Cumber, the defendants without knowing it had an interest in it and in its being kept there. It was not kept on the farm at the expense of the farm for the benefit of Cumber or others, but for their joint benefit. If this view of the case be correct, the defendants Hand were not the owners or possessors of this vicious ram and were not responsible for injuries done by him through Cumber's negligence.

If it could be held that the defendants were tenants in common of the vicious ram, it seems to us that the Hands could not be held responsible for the negligence of Cumber who was in the sole possession, and had the right to such possession until the end of his year. (*Bowman* v. *Travis*, 54 N. Y., 640.)

The cases cited by the learned judge in his opinion denying a new trial do not seem to sustain his views in their application to the facts in this case. The case of *Ward* v. *Warren* (82 N. Y., 265), holds that the knowledge of one tenant in common in the occupation of land, of the use of an easement over it, is knowledge in and will bind all his co-tenants. In *Leggett* v. *Hyde* (58 N. Y., 272), on the facts one was held to be a partner and liable for co-partnership debts. In *Roberts* v. *Johnson* (58 N. Y., 613), the employer was held liable for the negligence of his employee, a stage driver, whereby a passenger was injured. In *Stroher* v. *Elting* (97 N. Y., 102), the parties had a contract relation making in the process of its execution each the agent of the other, and each liable for the negligence of the other while engaged in the common enterprise. In *Champion* v. *Bostwick* (18 Wend., 175), the defendants were held to be co-partners and liable as such for negligent injury. Except the first case, which does not apply to a cause of action arising out of negligence, none of them lays down any rule of law about tenants in common.

It is not possible to hold that the defendants were partners in the ownership of the original sheep or the vicious one. It was not so held in the court below. Nor can we see how there could be an agency to do a wrong or, by negligence of the agent, permit a

wrong to be done for which his principal should be bound, where the agent was not at the time engaged in the prosecution of his principal's business. Undoubtedly the act of an agent within the scope of his authority, and while engaged in his principal's business, would bind the principal and make him liable for results. (*Rounds* v. *Del., Lack. and West. R. R. Co.*, 64 N. Y., 129.) But in no such sense was Cumber the agent of the Hands. He had, during the existence of the contract, the absolute control and possession of the stock. The Hands could not deprive him of it. They had no power to avoid the contract or disturb Cumber's possession. How could he then be deemed their agent, or why should they be liable for his negligence or wrong? How are his acts to be deemed the acts of the Hands to the extent of making them liable for his wrong, or imputing to them his knowledge so as to make them liable for the wrong? (*Van Slyck* v. *Snell*, 6 Lans., 299; *King* v. *N. Y. C. and H. R. R. R. Co.*, 66 N. Y., 181.) For these reasons we think the Hands were not liable to the plaintiff for the injury he suffered.

I do not find in the case any evidence that the sheep were wrongfully upon the plaintiff's farm by reason of any negligence of the defendants or either of them. Unless the sheep were unlawfully there a recovery cannot be sustained against the defendants Hand without proof of a *scienter*. (*Van Leuven* v. *Lyke*, 1 Comst., 515; Moak Underhill on Torts, 303.) We do not think that any such evidence has been given or that the Hands are made liable by reason of any knowledge possessed by Cumber. Little importance, however, is attached to this feature of the case, since it seems to have been assumed during the trial that the sheep were trespassing on plaintiff's farm at the time of the injury, and no such specific objection was taken to the recovery. The right of Cumber to make the exchange of rams is denied by the second ground taken on the motion for nonsuit.

The judgment and order should be reversed, and a new trial granted, with costs to abide the event.

HARDIN, P. J., and FOLLETT, J., concurred.

Judgment and order reversed, and a new trial ordered, with costs to abide the event.