CHARLES J. PIPER, JR., Respondent, *v.* NEW YORK STATE RAILWAYS and Others, Appellants.

Fourth Department, November 27, 1918.

Railroads — motor vehicles — collision between street car and jitney bus, resulting in injury to passenger in bus — negligence — question for jury — evidence — erroneous charge permitting recovery upon theory not previously suggested — effect of submission of case to jury upon two theories, one of which is wrong — judgment of reversal.

In an action against the owners and operators of a jitney bus and a street railway company to recover for personal injuries sustained by the plaintiff while a passenger in the bus, the complaint alleged that the owners of the bus were at the time of the accident operating at an unlawful rate of speed and in a negligent manner, and that the railway company at the same time operated one of its cars in a negligent manner and through the negligence of its employees caused it to collide with the bus.

*Held,* that the question of defendant's negligence was properly submitted to the jury and its verdict in favor of the plaintiff is not against the weight of the evidence.

But since the complaint alleged that there was a collision between the street car and the jitney bus, and the counsel for the plaintiff so stated in his opening, and that was one of the principal questions litigated upon the trial, it was reversible error for the court to so charge the jury as to permit a recovery upon another theory not previously suggested.

The defendant by failing to object to the introduction of certain evidence did not intend to consent to a trial of a cause of action other than the one alleged, where such evidence was competent upon the cause alleged.

Where a case is submitted to a jury upon two theories, one of which is wrong, it will not justify an affirmance of a judgment in favor of the

plaintiff to hold that the case was properly submitted on one theory, and that there was sufficient evidence to sustain the finding on that theory.

Since the error in the charge was prejudicial to the owners of the bus, the judgment upon the general verdict against all of the defendants should be reversed in favor of them all, even though the court may have power to reverse as to the railway company and affirm as to the other defendants.

KRUSE, P. J., and DE ANGELIS, J., dissented in memorandum.

APPEAL by the defendants, New York State Railways and others, from a judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of Herkimer on the 11th day of July, 1916, upon the verdict of a jury for $3,200, and also from an order entered in said clerk's office on the 13th day of July, 1916, denying defendants' motion for a new trial made upon the minutes.

*Kernan & Kernan* [*Warnick J. Kernan* of counsel], for the appellant New York State Railways.

*Edward C. Rice,* for the appellants Anna D. Foote and Frank Arnold.

*Charles L. Earl,* for the respondent.

HUBBS, J.:

The plaintiff was injured while a passenger in a jitney bus owned and operated by the defendants Foote and Arnold. He brought this action against the said defendants and the New York State Railways jointly. The complaint alleged that the owners of the jitney bus were, at the time of the accident, operating the bus at an unlawful rate of speed and in a negligent manner. It also alleged that the defendant New York State Railways at the same time operated one of its cars in a negligent manner and through the negligence of its employees caused it to collide with the jitney bus. The question of defendants' negligence was submitted to the jury which found in favor of the plaintiff. We believe that question was properly submitted to the jury and that its verdict was not against the weight of the evidence. If it were not for the error in the judge's charge hereinafter referred to the judgment and order should be affirmed.

The complaint alleged in general terms the negligence of

the New York State Railways and the negligence of the owners of the jitney. It also alleged specifically that the street car collided with the jitney bus and threw it against a trolley pole, wrecking the bus and injuring the plaintiff. The counsel for the plaintiff, in his opening to the jury, stated that the contention of the plaintiff was that the street car ran into the jitney bus from the rear while going at a dangerous rate of speed. Upon the trial there was a very sharp conflict in the evidence upon the question as to whether or not the street car hit the bus. Several witnesses called by the plaintiff testified that it did. Witnesses called by the defendants testified that the street car was seventy-five feet or more away from the bus at the time of the accident. It was the theory of the defendant New York State Railways that the accident was caused, not by the street car coming into contact with the bus, but on account of the bus skidding and coming into contact with a trolley pole.

The learned trial justice in his charge instructed the jury that it might find the defendant New York State Railways negligent if its car ran into the jitney bus. He then instructed the jury as follows: " But if its approach was so rapid and so silent as to create an apprehension, which you find was justified under the facts, that there was a situation of danger, then the driver of the bus had the right to exercise the best judgment he could in an emergency, and if you find that the acts of the State Railways Co. caused that situation; in other words it was a proximate cause; not the proximate but a proximate cause of the injury then you may find a verdict against the State Railways Co." This part of the charge was duly excepted to by counsel for the New York State Railways who, at the close of the main charge, requested the court to charge as follows: " Now I ask your honor to charge the jury that their verdict must be one of no cause of action for the defendant, the New York State Railways, if the jury is satisfied from the evidence that a collision did not occur." The request was refused and the counsel for the said defendant duly excepted.

It is now urged by the defendant New York State Railways that such charge and refusal to charge constituted reversible error.

The complaint alleged that there was a collision between the street car and the jitney bus; the counsel for the plaintiff so stated in his opening and that was one of the principal questions litigated upon the trial. So far as the record is concerned, it does not disclose that the theory upon which the case was submitted to the jury in the part of the charge quoted above was suggested at all upon the trial. There was no amendment of the complaint granted or requested during the trial. It cannot be said, therefore, that the said defendant, by failing to object to the introduction of certain evidence, intended to consent to a trial of a cause of action other than the one alleged. The evidence which was received bearing upon the question so submitted to the jury was competent upon the question of whether or not there ·was a collision as alleged in the complaint. (*Maneely* v. *City of New York,* 119 App. Div. 382; *Coyle* v. *Third Avenue Railroad Co.,* 18 Misc. Rep. 9; *Limerick* v. *Holdsworth,* 136 App. Div. 323.)

The effect of the part of the charge excepted to and the refusal to charge as requested was to submit to the jury a theory of negligence on the part of said defendant not suggested in any way until the charge was delivered. The said defendant was deprived of the right to meet such theory with evidence and to argue the question before the jury in submitting the case. We believe this constituted reversible error.

The cases of *Oldfield* v. *N. Y. & Harlem R. R. Co.* (14 N. Y. 310) and *Edgerton* v. *N. Y. & Harlem R. R. Co.* (39 id. 227) have often been cited as sustaining the proposition that under a general allegation of negligence a recovery may be had upon proof of any state of facts from which the jury may find that the injury was caused wholly by the failure of·the defendant to use reasonable care. It has been held, however, that those cases are not authority for such a broad statement. (*Pagnillo* v. *Mack Paving & Construction Co.,* 142 App. Div. 491.)

In any event, the rule is different where the complaint alleges a specific act of negligence, and counsel for plaintiff, in his opening, states that he relies upon the act of negligence stated in the complaint, and there is no consent express or implied by the defendant to have a different theory of negligence submitted to the jury.

Under such circumstances a plaintiff cannot allege one proximate cause of his injury and recover upon another. To permit such a practice would leave a defendant in ignorance of the issue to be submitted to the jury until the very moment when submitted and lead to surprise and confusion in the trial of cases. (*Woolsey* v. *Trustees of Ellenville,* 69 Hun, 489; *Patterson* v. *Westchester Electric R. Co.,* 26 App. Div. 336; *Scheu* v. *Union R. Co.,* 112 id. 239; *Finnegan* v. *Robinson Co.,* 124 id. 117; *Scott* v. *International Paper Co.,* 125 id. 318; *Stenger* v. *Buffalo Union Furnace Co.,* 109 id. 183.)

It is urged by respondent that the jury was justified by the evidence in finding that the street car came into collision with the jitney bus, and that, as there is sufficient evidence on that point, the judgment should be affirmed. The difficulty with that contention is that this court is unable to say upon which theory the jury found in favor of the plaintiff. Where a case is submitted to a jury upon two theories, one of which is wrong, it will not justify an affirmance of a judgment in favor of the plaintiff to hold that the case was properly submitted on one theory and that there was sufficient evidence to sustain the finding on that theory. (*Hawn* v. *Malcolm,* 171 App. Div. 120.)

There was a general verdict against all of the defendants. The error in the charge was prejudicial to the defendants Foote and Arnold, the owners of the jitney bus, for the jury might have found in their favor if the issue had been confined to the question of whether or not there was a collision as alleged in the complaint. We think, therefore, that there should be a reversal in favor of all of the defendants, even if we have the power to reverse as to the company and affirm as to the individual defendants.

The judgment and order appealed from should be reversed, with costs to the appellants to abide the event.

All concurred, except KRUSE, P. J., and DE ANGELIS, J., who dissented in a memorandum by KRUSE, P. J.

KRUSE, P. J. (dissenting):

If the driver of the motor bus and the motorman of the street car were jointly engaged in racing, running their respec-

tive conveyances in a negligent manner, resulting in the motor bus colliding with a telegraph pole and the plaintiff, a passenger in the motor bus, was injured thereby, I think the railroad company as well as the owners of the motor bus are liable to the plaintiff, although the street car did not come in actual contact with the motor bus. (*De Carvalho* v. *Brunner*, 223 N. Y. 284.)

But there is no such allegation in the complaint, nor any other allegation of joint negligence. The cause of action is founded upon the independent, concurring negligent acts of the driver and the motorman. As to the defendant railroad company, it is predicated according to the complaint upon negligently running down the motor bus and driving it against the telegraph pole. It was, therefore, essential to the plaintiff's recovery against it to establish the collision between the two vehicles. But as to the defendant motor bus owners, it was not essential to prove such actual contact if the other allegations respecting the negligent driving of the bus and the collision with the telegraph pole were established. The interests of the railroad company and the defendant owners were adverse; each sought to make the other responsible for the casualty.

The exception to the charge as made, and to the refusal to charge as requested, upon which it is proposed to reverse the judgment, was made on behalf of the railroad company. It was directed simply to the question of its liability, and no objection or criticism whatever was made on behalf of the other defendants to the charge or to any of the rulings to which attention has been directed. The instructions given to the jury benefited, rather than harmed, the owners of the bus.

I do not think the decision in *Bamberg* v. *International Railway Company* (121 App. Div. 1) requires us to grant a new trial as to all the defendants. It is true that we there held that in an action for negligence against joint tort feasors, where a verdict was rendered against all the defendants, the trial court was without power to set aside the verdict as against one defendant and not against the others.

That decision was criticized in the First Department in *Draper* v. *Interborough Rapid Transit Co., No. 2* (124 App.

Div. 357). I have no doubt of the power of this court, upon appeal, in a proper case, to affirm as to one or more defendants and reverse as to others. The Code of Civil Procedure so provides. (§ 1317. See, also, §§ 1337, 3063.)

Where, as here, an action is brought against two defendants for a personal injury alleged to have been caused through the independent concurring negligent acts of each defendant, and error is committed upon the trial to the prejudice of one defendant, but not the other, I think we have the power to affirm a judgment against the one so prejudiced and reverse it as against the other.

The *Bamberg* case was decided upon the authority of *Altman* v. *Hofeller* (152 N. Y. 498). In the opinion written by the late Presiding Justice McLENNAN, for this court, he quotes the rule as laid down by Judge MARTIN in the *Altman* case, as follows: " The rule seems to be well settled that upon an appeal from a judgment which is entire and against several defendants, the appellate court must either totally affirm or reverse, both as to the recovery and as to all the parties. But in cases where there are separate and distinct judgments, or where an error exists as to a separate claim or defense, which relates only to a transaction between the plaintiff and one of the defendants, the judgment may be reversed as to such a claim or defense, and only as to the parties interested therein, and affirmed as to the remainder. These rules are not of recent origin. They existed and were practically the same at common law, under the Revised Statutes, the Code of Procedure and the Code of Civil Procedure."

As will be observed, that rule recognizes the propriety of reversing the judgment as to some defendants where the error exists only as to each separate claim or defense, and affirming the judgment as to the others not affected thereby. The error here, I think, is plainly of that nature. The question was early much discussed.

The following cases are of interest upon that question: *Farrell* v. *Calkins* (10 Barb. 348); *Geraud* v. *Stagg* (10 How. Pr. 369); *Pollock* v. *Webster* (16 Hun, 104); *Story* v. *New York & Harlem R. R. Co.* (6 N. Y. 85, 86, Rep. note); *Seeley* v. *Chittenden* (4 How. Pr. 265); *Van Slyck* v. *Snell* (6 Lans. 299).

I think the judgment against the appellant New York State Railways should be reversed, with costs to it to abide the event, and affirmed as against the other defendants, with costs.

DE ANGELIS, J., concurred.

Judgment and order reversed and new trial granted, with costs to appellants to abide event.