CAROLINE WILKS, as Administratrix, etc., of JOSEPH WILKS, Deceased, Respond-
ent, v. NEW YORK TELEPHONE COMPANY and Another, Appellants.

Appeal by the defendants from a judgment of the Supreme Court in favor of
plaintiff, entered in the Erie county clerk's office February 4, 1925, upon the verdict
of a jury for $25,000; also separate appeals from orders entered respectively on
February 6 and February 2, 1925, denying respectively defendants' motions for a
new trial made upon the minutes.

Judgment and orders affirmed, with costs. All concur, except Clark and
Crouch, JJ., who dissent upon the law and facts in a memorandum by Crouch, J.
Present — Hubbs, P. J., Clark, Sears, Crouch and Taylor, JJ.

CROUCH, J. (dissenting): I agree that an owner who creates or knowingly
maintains a nuisance and then conveys his property with the nuisance thereon
may be liable for subsequent injury, even though he does not receive a benefit
from its continuance and did not covenant for quiet enjoyment. I also agree
that such an owner may be liable even where the property is taken *in invitum*.
The reason for the owner's liability in such cases has been variously stated in
the books. The primary delict, however, seems to be the failure to keep the
premises in safe condition while still in his possession and control. (*Swords* v.
*Edgar*, 59 N. Y. 28, 36, citing *Roswell* v. *Prior*, 12 Mod. 635.) To transfer the
premises voluntarily with the nuisance thereon is also a tort —" as great a tort
as not to abate it when it is in your power to do it." Nevertheless, " he that
does the first wrong shall answer for all consequential damages." (*Roswell* v.
*Prior, supra.*) This, of course, does not mean that the grantee or lessee may
not also be liable. I think that neither the fact nor the manner of parting with
the possession necessarily affects the liability of the former owner. I am unable
to agree in the result reached by the majority, however, because the verdict as
to the Federal Company on the only issue tendered and tried is clearly against
the evidence and against the weight of the evidence. The amended complaint
charged in substance that the Federal Company erected and strung certain tele-
phone wires and equipment in close proximity to what it knew were highly charged
electric wires; that said telephone wires, for several stated reasons, were insecure
and apt to fall; and that the situation so created was a nuisance. Plaintiff tried

---

* Amd. by Laws of 1924, chap. 405.— [REP.
† Reported in *Matter of Baker* (126 Misc. 49).— [REP.

the case on that precise theory. In the colloquy, following the motion for a nonsuit at the close of plaintiff's case, her counsel said: " At this time   *   *   * so there may be no question on the proposition of the standing of the plaintiff in this case, our position is this. We claim under our complaint, and we claim here in this action, that this action is brought and maintained and based upon the nuisance *erected* by the defendant, Federal Telephone and Telegraph Company, and the omission and failure on the part of the New York Telephone Company *to abate the nuisance after it came into its possession.*" The case seems to me clearly to have been submitted to the jury also on that theory, though a few scattered statements in the charge torn from their context may be tortured into something different. The evidence leaves no reasonable doubt that the nuisance, if there was one, was created, not by the Federal Company, but by the Buffalo General Electric Company which placed *its* highly charged electric wires in close proximity to the Federal Company's wires, long after the latter were installed. It is now sought to sustain the verdict on the theory that the Federal Company *maintained*, after actual or constructive knowledge of its existence, a nuisance created by the act of a third party. As the record stands there is evidence which might have warranted a verdict on that theory; but that evidence is in the case, and properly so, only as tending to support the original claim that a nuisance created by the Federal Company continued until the property was conveyed to the New York Company. The Federal Company had the right to rely upon the allegations in the amended complaint and upon the explicit statement of counsel on the trial. It was not called upon to meet a claim which was not then made. Moreover, as stated above, the claim now made was not submitted to the jury. If it had been, an exception thereto would have been good. (*Piper* v. *N. Y. St. Rys.*, 185 App. Div. 184.) Under the circumstances of this case, I think the judgment against both defendants should be reversed and a new trial granted, with costs to abide the event. (*Piper* v. *N. Y. St. Rys., supra.*) Clark, J., concurs.