ANDREW B. GILFILLAN, JR., Appellant, *v.* ALFRED GRIMM, Respondent.

Supreme Court, Erie County, February, 1935.

*Flynn, Tillou, Phillips & Ward,* for the appellant.

*Matthew Weimar,* for the respondent.

HINKLEY, J. Plaintiff was driving toward Buffalo, and the defendant was driving in the opposite direction toward Batavia, on the main highway between the two cities. The plaintiff and his two companions swore that as the two cars approached from opposite directions the defendant's automobile skidded from the south or right-hand side of the road over on the north or wrong side of the road, coming into collision with plaintiff's car which had remained upon its own side of the road. There was no proof of excessive speed on the part of defendant's automobile or of other negligence on the part of defendant, and undoubtedly, in the light of the authorities in this State, skidding in and of itself not being proof of negligence, the plaintiff could not have succeeded upon that testimony. (Babbitt Motor Vehicle Law, § 431, and cases cited; Huddy Automobile Law, vols. 3–4, § 68, and cases cited.) The plaintiff, however, swore the defendant as his witness and the defendant testified generally that as the two cars approached, the plaintiff turned his car to the left and that defendant then, in order to avoid a collision, did likewise, attempting to pass plaintiff's car on the left. The trial court granted a nonsuit, stating that plaintiff must have a theory as to defendant's liability to present to the jury; that the jury could not pass upon all the testimony.

Had the complaint set forth one specific act of negligence then undoubtedly the plaintiff would have been compelled to sustain

that charge or be nonsuited. Authority for this is found in *Piper* v. *New York State Railways* (185 App. Div. 184, 187); *Patterson* v. *Westchester Electric R. Co.* (26 id. 336).

The complaint, however, in the instant case sets forth the usual general allegations of negligence. There is nothing to show that a bill of particulars was sought or required. The opening of counsel for the plaintiff not being a part of the record, fails to disclose upon what theory plaintiff was proceeding. In addition to his own testimony, the plaintiff swore the companions in his own car and also the defendant, asking that the jury be permitted, under the general allegations of negligence, to determine how the accident happened and the question of defendant's liability. The case of *Barker* v. *Parulson* (116 N. Y. 660) is authority for this position. In that case the court said (at p. 661) that under the complaint (which did not allege the exact point of the accident) and under the evidence, plaintiff was entitled to go to the jury and to claim a verdict whether the accident happened upon the upper or lower flight of stairs or in the manner detailed by defendant's witnesses or by his own.

Judgment of the lower court reversed and a new trial granted, with costs to appellant to abide the event.