a few months the defendant notified the plaintiffs that he would not receive any more of the cuts, because they did not conform to the agreement, in that they only advertised the hardware business. The plaintiffs sued to recover the contract price, and it was a question of fact for the jury to determine whether or not they were entitled to recover.

The defendant was claiming that there was a breach of contract, in that the cuts did not represent his bicycle business. The defendant was asked this question on the trial: "What was the largest share of your business in the village of Cazenovia?" This was objected to, and the witness was permitted to answer, and stated that it was the bicycle business. For this alleged error the county court has reversed the judgment of the justice's court in favor of the defendant. We think the evidence was competent. The defendant was seeking to show that the failure to supply cuts of his bicycle business was a material breach of the agreement, and, for the purpose of establishing that fact, it was competent to prove that his bicycle trade was an important feature of his business.

It is contended that there are other errors which justify the reversal, although not alluded to by the county judge. Upon the trial the defendant was asked, in substance, if he had paid the plaintiffs for the cuts received by him under the written contract. This was objected to upon the ground that it was incompetent, immaterial, and irrelevant. It was competent, material, and relevant to show payment. There was no objection that the question called for a conclusion, or that it was leading, and, of course, the present respondents are limited to the grounds which they interposed as objections to the question. Again, the defendant was asked if he had notified these plaintiffs that they had broken their contract. The same objections were interposed to this question. It was not objected that the notification was in writing, or that it was a conclusion.

Considerable space is taken up in the respondents' brief to show that the evidence relating to the breach of the contract was not admissible within the answer. This ground was not included among the objections upon the trial. So far as we are able to discover, the case involved a fair question of fact before the jury in the justice's court, and their conclusion ought not to be disturbed.

The judgment of the County Court is reversed, and that of the justice's court affirmed, with costs of this appeal and in the County Court to the appellant. All concur.

---

## WIMMER v. METROPOLITAN ST. RY. CO.

(Supreme Court, Appellate Division, First Department. March 11, 1904.)

1. WITNESSES—CONTRADICTION OF PARTY'S OWN WITNESS—COLLATERAL MATTER—STREET RAILROADS—INJURY TO PASSENGER.

Plaintiff was injured in attempting to board a street car. On the trial, in rebuttal, she called a witness who had testified for the company, and interrogated him as to a conversation between him and her husband in the waiting room, where she had been taken after the accident, in which

the witness said that he was sorry that the accident had happened to one of his neighbors, and admitted that he knew the conductor, who had said nothing to him about the acciden+. The witness denied this conversation, and plaintiff then called her husband, who verified it, including his own declaration to the witness that his wife was thrown off the car. *Held,* that the conversation was collateral to the main issues, so that permitting the contradiction of the witness whom plaintiff had made her own was error.

2. SAME—PREJUDICIAL CHARACTER.
    The husband having been permitted to testify to his own declaration to the witness that his wife was thrown off the car, the error in the admission of his evidence was prejudicial.

8. SAME—ADMISSION OF AGENT—SCOPE OF AGENCY.
    Though the witness was an employé of the company, yet, as he was not engaged in the company's business at the time of the alleged conversation the admission of the evidence thereof was error.

Appeal from Trial Term, New York County.

Action by Mary Wimmer against the Metropolitan Street Railway Company. From a judgment for plaintiff, and from the denial of a new trial, defendant appeals. Reversed.

Argued before VAN BRUNT, P. J., and HATCH, McLAUGHLIN, O'BRIEN, and INGRAHAM, JJ.

Charles F. Brown, for appellant.

Lemuel Skidmore, for respondent.

HATCH, J. By this action damages are sought to be recovered for injuries alleged to have been sustained by the plaintiff through the negligent acts of the defendant. Upon the trial evidence was given by the plaintiff tending to show that she was a married woman about 48 years of age at the time of the reception of the injuries; that on the 30th day of September, 1899, the plaintiff, in company with her husband and daughter, attempted to board a street car on Fourth avenue at the entrance to the tunnel of the railroad just below Thirty-Fourth street. The plaintiff's husband signaled for a car to stop, and in response thereto the car came to a stop close to where plaintiff was standing. The car was somewhat crowded, and the conductor said to them: "Step in, ladies. There is plenty of room inside." Two women got on the car before plaintiff made an attempt to go aboard. As she placed one foot upon the step, she grasped hold of the rail on the rear dashboard with her left hand, and held up her skirts with her right hand, and while she was in the act of raising her other foot from the ground the car started with a violent jerk, which caused her to partially lose her balance, and while trying to recover herself the car gave another jerk, which precipitated her to the pavement, and she received injuries of quite a serious character. Upon the part of the defendant evidence was given tending to establish that the plaintiff boarded the car at the place stated; that after she was aboard the car was started; that the plaintiff then discovered that her husband and daughter had not succeeded in getting on the car, whereupon she deliberately walked off after it had proceeded some little distance, and was thrown to the pavement and injured. These two theories were supported by the testimony upon either side of a number of witnesses, and the case upon the testi-

mony presented a question of fact which required the court to submit the same to the jury.

Several errors are urged upon our attention, one of which we regard as fatal to the judgment which has been obtained. During the course of the trial Eugene Worden, a witness for the defendant, and employed by it as a car starter at about the place where the car stopped, was called as a witness, and testified, in substance, to the version of the transaction as claimed by the defendant. It appeared that after the accident Worden assisted the plaintiff's husband in removing the plaintiff to the waiting room near by, where she remained until she was removed to her home. After the defendant had offered all of its proof, the plaintiff recalled Worden to the stand, and interrogated him respecting a conversation he had with the plaintiff's husband in the waiting room. In answer thereto Worden testified that he had no conversation with the plaintiff at the scene of the accident; that plaintiff's husband did not tell him in the waiting room that his wife was thrown off the car, and that he did not ask him what was the matter; that he did not remember stating to him "that he was sorry that such an accident should happen to one of my neighbors, as I lived in the same vicinity"; that he did not tell him that he had not the number of the car, but that he had the number of the following car. "I did not then say to Mr. Wimmer: 'I know the fellow. He never said a word to me about the accident,' or words to that effect. Speaking of the conductor of the car, I am sure I didn't." And he further stated: "No conversation except in relation to his name and address. I am not positive in reference to whether I told him that I was sorry it happened to a neighbor. I didn't say: 'I know the fellow. He never said anything to me about the accident.' I know I didn't say such a thing as that. I am positive of that." Subsequently the husband of the plaintiff was called as a witness, and interrogated with respect to what transpired in the waiting room. This was objected to by the defendant as incompetent, improper, irrelevant, and immaterial, as it was not proof in rebuttal. The objection was overruled, and the witness testified with respect to where he saw Worden, and stated that he had a conversation with him at the waiting room. He was then asked: "What was that conversation?" to which the defendant objected upon the same grounds as before, and upon the further ground that it was offered for the purpose of contradicting the witness on the matter brought out by the plaintiff; that such matter was purely collateral; that the plaintiff was bound by it, and should not be permitted to contradict what he said or denied. This objection was overruled, exception was taken, and the witness was permitted to testify: "When the starter came up to me, he asked me what was the matter. So I told him my wife was thrown off the car. So he asked me: 'What is your address? What is your name? Where do you live?' I stated to him the name and address. So, after that he said that 'I am very sorry that that must happen to one of my neighbors.' Further on I told him that the number of the car I took was the following car after the car the accident happened on, and the time when it happened. So he looked at me, and says: 'Well, I know the fellow. He never said a word to me.' Then my wife she fainted away, and he rung up for an ambulance." This evidence was

improperly received, as it bore upon a matter collateral to the issue. When the plaintiff called Worden, and interrogated him in respect thereto, she became bound by his answers, and could not thereafter call witnesses to contradict him. A ruling permitting that such an examination constitutes reversible error has been recently held by this court. Deutschmann v. Third Ave. R. R. Co., 78 App. Div. 413, 79 N. Y. Supp. 1043, and cases cited. The evidence was distinctly prejudicial, as the plaintiff was permitted to have considered by the jury the husband's declaration "that his wife was thrown off the car." This was the vital issue in the case, and the husband was enabled to give in evidence his declaration of the fact long after the accident had happened. The conversation was clearly collateral, and when the witness Worden denied that such statement was made to him at that time the plaintiff had no legal right to contradict it. The conversation was also improper for another reason. The declarations made by Worden at the station after the accident happened were not binding upon the defendant. He was not then engaged in the defendant's business, and his declarations could not be made available to fasten liability upon the defendant, and they could not be proved either by way of contradiction or otherwise, any more than the declaration of a stranger could be taken after the happening of the event.

There are other rulings upon evidence (especially those relating to the examination of the physicians bearing upon the permanent character of the injuries, and also in permitting Dr. Balser to testify as an expert in nervous diseases after he had stated that he was not qualified to give expert testimony upon the subject) which are doubtful in the extreme. We do not discuss them, however, as they may not arise upon another trial.

For the error above noted, the judgment and order should be reversed, and a new trial granted, with costs to the appellant to abide the event. All concur.