granted must be continued, in so far as it restrains the defendant from erecting the building described in the complaint nearer than 25 feet from the present street line. The security given should, however, be increased to the sum of $1,500.

Let an order be entered accordingly, with $10 costs of this motion.

---

(121 App. Div. 1)

### BAMBERG v. INTERNATIONAL RY. CO. et al.

(Supreme Court, Appellate Division, Fourth Department. July 9, 1907.)

NEW TRIAL—JOINT TORT-FEASORS—JOINT LIABILITY.

Where, in an action against joint tort-feasors, the jury rendered a general verdict against both on the theory that they were jointly liable, the court, on granting a new trial as to one for error in an instruction, must also grant a new trial as to the other.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 37, New Trial, § 233.]

Appeal from Trial Term, Erie County.

Action by Ernest Bamberg against the International Railway Company and others. From a judgment for plaintiff against all defendants, and from an order denying the motion of defendants Louis H. Sutton and another for a new trial on the minutes of the court while granting the motion of defendant the International Railway Company (103 N. Y. Supp. 297), defendants Sutton appeal. Judgment and order reversed, and new trial granted.

Argued before McLENNAN, P. J., and WILLIAMS, KRUSE, and ROBSON, JJ.

J. Henry Metcalf, for appellants.
Hamilton Ward, for respondent.

McLENNAN, P. J. The accident which is the subject of this controversy occurred on the morning of July 19, 1905. The plaintiff was a passenger on an open trolley car, being operated by the defendant railway company and going southerly along Michigan street, in the city of Buffalo, N. Y. Clinton street crosses Michigan street at practically right angles, and at the time in question a heavy delivery wagon owned by the defendants Sutton, who were copartners engaged in the ice cream business, was being driven easterly along Clinton street as it crosses Michigan street. The delivery wagon came in collision with the street car in such manner that the plaintiff sustained the injuries for which he complains. The evidence tends to show that because of the negligent management of said car and of the ice cream wagon the accident resulted, and the learned trial court charged the jury in substance that, if they found upon the evidence that the accident was caused by the joint negligence of such defendants, they might render a general verdict against all for the damages which the plaintiff sustained. The court also charged that, if they found that the accident was caused solely by the negligence of either one of said defendants and that the other was free from negligence, they might render a verdict against the defendant so guilty of negligence and a verdict of "no cause of action" against the other. The

jury, as we have seen, rendered a general verdict against all the defendants.

From an examination of the evidence we are satisfied that it tends to show negligence on the part of all the defendants, and that the jury were justified in rendering the verdict which they did. Upon the motion for a new trial made by each of the defendants, the motion of the defendants Sutton was denied; and the motion of the defendant railway company was granted, not because its negligence did not contribute to the injury, as found by the jury, but because the court considered it had committed error in refusing to charge as requested by counsel for the railway company. So that we have the situation of a verdict rendered because of the joint negligence of several defendants, and yet set aside by reason of supposed error as to one of such defendants, but held good for the full amount as to the others. This situation presents the only question which need be considered upon this appeal.

We consider it well settled that, upon an appeal from a judgment which is entire and against several defendants, the appellate court must either totally affirm or reverse, both as to recovery and as to all the parties. The judgment in question was entire, and was against all the defendants. The jury found, as instructed by the court they might find, that all the defendants were guilty of negligence which caused the injury of which the plaintiff complains, and upon such finding judgment was entered against all the defendants. In other words, this action illustrates the familiar and proper attempt of an injured party to recover damages against all the wrongdoers whose negligence contributed to such injury. The rule is perfectly well settled that, if two persons or corporations are jointly guilty of such negligence as results in an injury to a third person, in an action brought against both a general verdict may be recovered by the plaintiff against both. But we have failed to find any authority for the proposition that the trial court, upon motion for a new trial, may reverse such judgment as against one of such defendants and affirm it as to the other. In the case at bar, as we have seen, the jury rendered a general verdict against both defendants upon the theory that they were jointly liable for the accident which resulted in injury to the plaintiff. What such jury might have done, had it understood that only the appellants could be made to respond in damages, we may not know upon this appeal. We are only concerned with the proposition that the jury were told that they might find, and presumably did find, that both of the defendants were guilty of negligence which caused the injuries sustained by the plaintiff. The result of the situation presented by this appeal is that, although the verdict of the jury determined that all the defendants were jointly liable for the accident resulting in injury to the plaintiff, one of such defendants, by a technicality and wholly independent of the merits, is absolved from liability in the premises.

We are constrained to hold that, the court having set aside the verdict of the jury and granted a new trial on motion of defendant railway company, under the circumstances of this case it could not

hold the verdict as to the other defendants. It would hardly seem necessary to cite authority for the proposition thus enunciated, other than to call to attention the case of Altman v. Hofeller, 152 N. Y. 498, 46 N. E. 961. In that case it was said (page 504 of 152 N. Y., page 963 of 46 N. E.) :

"The rule seems to be well settled that, upon an appeal from a judgment which is entire and against several defendants, the appellate court must either totally affirm or reverse, both as to the recovery and as to all the parties. But in cases where there are separate and distinct judgments, or where an error exists as to a separate claim or defense, which relates only to a transaction between the plaintiff and one of the defendants, the judgment may be reversed as to such a claim or defense, and only as to the parties interested therein, and affirmed as to the remainder. These rules are not of recent origin. They existed and were practically the same at common law, under the Revised Statutes, the Code of Procedure, and the Code of Civil Procedure. Richards v. Walton, 12 Johns. 434; Arnold v. Sanford, 14 Johns. 417, 425; Van Bokkelin v. Ingersoll, 5 Wend. 315; Sheldon v. Quinlen, 5 Hill, 441; Farrell v. Calkins, 10 Barb. 348, and other cases. In Richards v. Walton it was held that, where a judgment was entire, it must be affirmed or reversed in toto. In that case two persons were sued in Justice's Court, and only one appeared. The justice gave judgment against both, and it was held that, it being erroneous as to the defendant who did not appear, it must be reversed as to both. The Arnold Case was to the effect that an entire judgment against several defendants could not be reversed as to one and affirmed as to the others. In the Van Bokkelin Case the chancellor stated the rule to be that, when distinct judgments are given by the court below, one may be reversed and the other affirmed; but, when the judgment is entire, there must be a total affirmance or reversal. In the Sheldon Case it was held that a judgment for distinct things might be reversed in part and affirmed as to the residue; but an entire judgment against several defendants, whether rendered in an action for tort or upon contract, could not be reversed as to one defendant and affirmed as to the others. * * * This review of the authorities plainly discloses that neither at common law nor under the statute had the General Term any authority to reverse an entire judgment and grant a new trial as to one of the parties and affirm it as to the remainder."

The doctrine of Altman v. Hofeller was followed in City of Buffalo v. D., L. & W. R. R. Co., 176 N. Y. 308, 68 N. E. 587.

It is unnecessary to determine whether or not the trial court committed error in refusing to charge as the railway company requested, because neither the plaintiff nor the railway company appeals. The appellant apparently is content with the order granting a new trial as to such defendant because of such alleged error. This court simply holds that, a new trial having been granted as to the defendant railway company, the order denying a new trial as to the defendants Sutton was error, which calls for a reversal of the judgment and order appealed from.

Judgment and order reversed, and new trial granted, with costs to appellant to abide event, upon questions of law and fact. All concur.