DRAPER v. INTERBOROUGH RAPID TRANSIT CO. et al.

(Supreme Court, Appellate Division, First Department.    February 7, 1908.)

1. APPEAL—REVERSAL—ACTIONS AGAINST JOINT TORT-FEASORS—REVERSAL AS
    TO ALL.

In an action against joint tort-feasors, in which the jury rendered a general verdict against all on the theory that they were jointly liable, a reversal as to one of defendants does not require a reversal as to all.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 3, Appeal and Error, § 4566.]

2. NEGLIGENCE—ACTIONS FOR—EVIDENCE—ADMISSIBILITY.

In an action against a subway railway company, a subway construction company, and a cable and conduit company for the death of an employé of the construction company while riding through a subway tunnel on a work train belonging to the railway company, the theory of the case

against the railway company was that it was in charge of the train through its engineer and conductor, that the train was run at a negligent rate of speed, that it failed to take proper care to determine whether the track was clear, and that it failed to light the tunnel. The evidence for the railway company showed that the train was sent through the tunnel on information given to the railway company's train dispatcher by an employé of the construction company. *Held*, that the railway company was entitled to show that the engineer and conductor were not paid by it for their work, but by the construction company, and that the tracks at the time of the accident were in possession and in charge of the construction company, as such evidence would tend to relieve the railroad company from the charge of negligence.

**3.** APPEAL—DISPOSITION OF CAUSE—REVERSAL—NEW TRIAL—NECESSITY.

Where, by joining three defendants in an action for wrongful death, plaintiff so confused the issues as to render it difficult for a jury to fairly weigh the evidence against each defendant, and the evidence was such as to make it impossible for the court, on appeal from a judgment against all the defendants, to know for what acts of negligence each of the defendants was held liable, and in view of the trial court's having overlooked certain material considerations in instructing the jury with respect to the facts upon which the liability of each defendant depended, the judgment will be reversed and a new trial granted as to each defendant.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 3, Appeal and Error, §§ 4597–4599.]

Appeal from Trial Term.

Action by Sarah A. Draper, as administratrix of Frederick Draper, deceased, against the Interborough Rapid Transit Company and others. From a judgment for plaintiff, and from orders denying defendants' motions for new trial, defendants appeal. Reversed, and new trial granted.

Argued before PATTERSON, P. J., and INGRAHAM, McLAUGHLIN, LAUGHLIN, and HOUGHTON, JJ.

John F. McIntyre (J. Osgood Nichols and Louis S. Carpenter, on the brief), for appellants.

James A. Allen, for respondent.

LAUGHLIN, J. This is a statutory action to recover for the death of Frederick Draper, alleged to have been caused by the negligence of the three defendants, and there has been a recovery against all. The National Conduit & Cable Company took a separate appeal and prepared a separate record. Its appeal was argued and is to be decided herewith. On that appeal we have decided that errors prejudicial to the appellant were committed, and we have reversed the judgment and ordered and directed a new trial. 108 N. Y. Supp. 686.

Our attention was drawn by the points of one of the appellants to the case of Bamberg v. International Railway Company et al., 121 App. Div. 1, 105 N. Y. Supp. 621, and it is claimed upon the authority of that decision that the reversal as to one of these defendants requires a reversal as to all. If so, of course, it is immaterial whether or not errors were committed prejudicial to the appellants in this record. In the Bamberg Case the plaintiff charged that he sustained personal injuries through the negligence of both defendants. The plaintiff was a passenger on a street car, and he was injured by a collision between the street car operated by the International Railway Company and a

delivery wagon owned by and engaged in the business of the individual defendants. That case is not distinguishable from this on the facts; but the decision is the only authority, precisely in point, to which our attention has been called or which has been found. The far-reaching consequences of the decision, which is not in accord with the long-existing practice in the courts of this state, make us hesitate to follow it. It is based upon the rule that there can be only one final judgment in an action at law. In the Bamberg Case, and in this, the acts of negligence with which each defendant is charged are separate and distinct. The law permits the injured party to join all who negligently contribute to the injury in one action. Where the separate and distinct acts of negligence of each contribute to produce the injury, the parties may be sued separately or may be joined. If the Bamberg decision be sound, then it must follow that the court may not dismiss the complaint as to one defendant upon the ground that no negligence has been shown against him and send the case to the jury as to the other, and a jury may not find in favor of one defendant and against another, without rendering the defendant thus exonerated either by the court or jury subject to a new trial in case the court at the trial or on appeal grants a new trial as to the defendant held liable by the jury without affording him an opportunity to be heard, and even though no motion for a new trial be made as against the party relieved of liability and as to him no appeal was taken. This, I think, has not heretofore been the understanding of the law, either by the courts or by the legal profession. I am of opinion that it would be better to deem the action severed in such case, since severance is authorized (Code Civ. Proc. §§ 456, 1205; Stedeker v. Bernard, 102 N. Y. 327, 6 N. E. 791; Lawton v. Partridge, 111 App. Div. 8, 97 N. Y. Supp. 516; Newburgh Bank v. Town of Woodbury, 64 App. Div. 305, 72 N. Y. Supp. 222; Rappaport v. Werner, 34 App. Div. 525, 54 N. Y. Supp. 481; Stimson v. Van Pelt, 66 Barb. 115; Camblos v. Butterfield, 15 Abb. Prac. [N. S.] 197; Luce v. Alexander, 4 Civ. Proc. R. 428), to obviate the rule that only one judgment may be entered, than to adopt the rule laid down by the Appellate Division in the Fourth Department in the Bamberg Case; for it is manifest that the rights of the defendants thus joined require that the courts and juries shall be at liberty to decide separately against each upon the facts presented with respect to his negligence. This cannot be done under the rule announced in the Bamberg Case, and the logical result of that rule is, I think, that where two or more tort-feasors are joined, although the negligence of each be predicated upon different facts, there can be no recovery against any one or more unless a cause of action against all be established, and the recovery must be had and sustained against all or none. This was the rule at common law, but it no longer obtains. See Code Civ. Proc. §§ 456, 1205, and cases supra. It therefore, in my opinion, becomes necessary to consider these appeals upon the merits.

The action is not brought under the employer's liability act. Upon the trial counsel for plaintiff stated that his claim with reference to the negligence of the Subway Construction Company was its failure to provide decedent with a reasonably safe place in which to do his work,

and that the claims against the Interborough Company were that it was in charge of this train through its engineer and conductor, and was running the train at an unlawful and negligent rate of speed, and failed to take proper precautions to determine whether the track was clear, and failed to light the tunnel. The Interborough Company conceded that the engine and flat cars belonged to it, and that the engineer and conductor were in its employ for the purpose of running passenger trains from 145th street southerly, but contended that they were not in its employ in using the engine at the time in question. It claimed that the engine had been loaned to the Subway Construction Company, pursuant to some agreement not clearly shown, and that the engineer and conductor were in that company's employ, acting under its direction and in its pay, in taking this train through the tunnel. With a view to establishing these facts, it endeavored to show by competent evidence that the engineer and conductor were not paid by it for the work performed by them on the night in question in using the engine to transport the flat cars with reels of cables for the use of the construction company, and that they were paid by the construction company. This evidence was excluded, and counsel for the Interborough Company duly excepted.

The learned counsel for the respondent contends that this evidence was immaterial, unless it was shown in connection therewith that the Interborough Company did not control or direct the train. The evidence shows that the cars were loaded in the yards of the Interborough Company at 148th street by employés of the construction company; that the cars were then taken by the engine down to 142d street; and that at this point one Curran, who was a dispatcher of trains in the employ of the Interborough Company at its 145th street station, informed the conductor, in substance, that the way was clear and to get on the front end and take the train through the tunnel. The tunnel was some blocks to the northeast. Curran also so informed an employé of the Subway Construction Company, who had alighted from one of the cars for the purpose of preceding the train through the tunnel, but by whose direction, if any, does not appear. It appears, according to the evidence introduced in behalf of these appellants, that one De Wyrall, who was in the employ of the construction company and had full charge of the concrete construction, including ordering and directing trains for the transportation of material for use in his work, but not of this crew on the flat cars, had come through the tunnel from the north, and had within 20 minutes before the accident notified the employés of the cable company to remove the ladder, plank, and reel from the vicinity of the track, as he was about to let a cable train through, and that thereafter and before the train was sent through he informed Curran that the way was clear and he could let this train go through. It appears by the testimony of Merritt, superintendent of operation for the Interborough Company, that after the train left 142d street it was not directed or controlled by his company, and that from time to time he received requisitions from the construction company for motors and trains. This evidence indicates that the employés of the construction company must at least have directed with respect to the destination of the trains.

The court also, on objection of counsel for plaintiffs, excluded evidence offered by the Interborough Company to show that it had not accepted the tracks northerly of 145th street, and that it was not operating trains over those tracks, at or prior to the time of the accident. We are of opinion that the court erred in excluding evidence on these two subjects. The Interborough Company could not prove its entire case at once. It was competent for it to prove these facts, both as tending to show that the conductor and engineer were not in its employ or acting as its agents or servants at that time; and, even if they were, it was competent for it to show that the tracks were still in possession and charge of the construction company, which, with evidence that the train was sent through at that time on the information imparted to the train dispatcher of the Interborough Company by De Wyrall, an employé of the construction company who had charge, as has been seen, of the concrete construction, would have tended strongly to relieve it from the charge of negligence.

We are of opinion, also, that there must be a reversal as to the construction company. Where, as here, three different defendants are joined in an action in which each of them is charged with separate acts of negligence, the facts relating to which are somewhat intricate and complicated, it is important that the jury should be clearly instructed with respect to the facts upon which the liability of each depends. The learned trial justice apparently realized this, and endeavored to present the case to the jury so that they would understand the nature of the charge against each defendant; but the case presents so many phases that he overlooked some very material considerations. If the conductor and engineer were in the employ of the Interborough Company and the train was being operated by it, then, manifestly, the construction company would not be liable for their negligence in operating the train, with respect to speed, signals, or keeping a proper lookout; and if, on the other hand, the train was being operated by the construction company, the engineer and the conductor would be co-employés of the decedent, for whose negligence it would not be liable. Neither of these matters was specifically alluded to in the main charge; but at request of counsel for appellants the court did instruct the jury that, if the train was being operated by the construction company, the engineer and conductor would be co-employés of the decedent. If, as testified to by two witnesses for the construction company, the employés of the cable company were notified that the train was to be sent through, and were directed to remove obstructions that they had placed upon the track, and they observed that this was done, and the train was sent through within 20 minutes thereafter by the Interborough Company, with its conductor and engineer in charge, it is difficult to discover any theory of the evidence on which the liability of the construction company could be predicated. It certainly could not then be said to be guilty of negligence in not providing a safe place for decedent to perform his duties of employment. The negligence, then, would be on the part of those in charge of the train and of the employés of the cable company.

The plaintiff, in joining the three defendants in a single action, has so confused the issues that it is difficult for a jury to fairly weigh

the evidence against each defendant; and it is impossible for us to know upon what act of negligence the construction company has been held. We are of opinion that justice requires that a new trial should be granted as to each defendant.

It follows that the judgment and order should be reversed, and a new trial granted, with one ·bill of costs to appellants to abide the event. All concur.