CARL P. REISIG, Respondent, *v.* INTERNATIONAL RAILWAY COMPANY and READ-CODDINGTON ENGINEERING COMPANY, Appellants.

Fourth Department, January 14, 1920.

Witnesses — credibility — evidence of statements by third person in presence of witness which did not require reply and to which no reply was made — appeal — when judgment will be reversed as to one defendant and affirmed as to the other.

In an action against a street railway company and an engineering company engaged in paving a street, to recover damages for injuries to the plaintiff, caused by a collision between a car of said railway company on which the plaintiff was a passenger and the boom of a concrete mixer belonging to the engineering company, it was error to permit counsel for the engineering company, on cross-examination, to ask the motorman, who was operating the car at the time of the collision, if his superior, who arrived at the scene of the accident a short time after the collision, did not say to him, "You must have been going like hell," and to permit a witness for the engineering company to testify that he was present and heard the motorman's superior make said statement, where there is no evidence that the statement was made under circumstances which would lead the motorman to reply if the

statement were not true, and no evidence that the motorman made any reply thereto.

Since the railway company claimed that the car was being operated in a careful and prudent manner, and that the accident was caused by the swinging of the boom of the mixer, anything that affected the credibility of the motorman and tended to cause the jury to disregard his evidence to the effect that he was proceeding in a careful and prudent manner was of vital importance to the railway company.

But the error having been made without any fault on the part of the plaintiff and the evidence having been received over the objection of counsel for the railway company, the judgment against both defendants may, under the circumstances, be reversed as against the railway company and affirmed as against the other defendant.

APPEAL by the defendants, International Railway Company and another, from a judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of Niagara on the 9th day of May, 1919, upon the verdict of a jury, and also from an order entered in said clerk's office on the same day denying defendants' motion for a new trial made upon the minutes.

*Cohn, Chormann & Franchot* [*Clarence R. Runals* of counsel], for the appellant International Railway Company.

*Locke, Babcock, Spratt & Hollister* [*R. C. Vaughan* of counsel], for the appellant Read-Coddington Engineering Company.

*Hamilton Ward* [*Julius A. Schreiber* of counsel], for the respondent.

HUBBS, J.:

This action was brought to recover the damages sustained by the plaintiff because of injuries received while a passenger on a car of the defendant railway company. It was brought against the defendants jointly.

At the time of the accident in question the defendant Read-Coddington Engineering Company was engaged in paving the easterly side of Main street in the city of Niagara Falls. In doing that work it used a concrete mixer which weighed about eight tons upon which was a steel boom about twenty feet long and so attached that it could be swung at various angles in front of the mixer. The mixer was placed between the railway track

and the curb, with the boom extending southerly from the mixer.

The car upon which the plaintiff was a passenger was proceeding northerly and came into collision with the boom of the mixer. The collision resulted in the injury to the plaintiff.

The learned trial justice submitted the case to the jury against both of the defendants and instructed the jury that there might be a verdict against both of the defendants or either of them, according to the findings of the jury upon the facts. We are satisfied with the verdict of the jury and would affirm the judgment were it not for an erroneous ruling made upon the trial.

The principal negligence charged against the defendant railway company was that the motorman operated the car at a dangerous and excessive rate of speed in view of the situation and that he failed to slow down the car while passing the concrete mixer. Upon the trial the motorman was called as a witness for the plaintiff and testified that he slowed the car down when about fifty feet or sixty feet from the mixer; that he saw that the boom was four or five feet from the track; that he shut off the power as he started to pass the mixer and that his car was moving only about two or three miles an hour when the boom came in contact with the car back of the vestibule. It seemed to be his theory that the boom was moved toward the car while the vestibule of the car was passing it. The witness was not cross-examined by the counsel for the railway company. During his cross-examination by the counsel for the engineering company the witness was asked this question: " (Q) Didn't Mr. Henning, when he came down there, say or ask you this question, or this question in substance: ' You must have been going like hell.' (A) He never said that to me, no sir." Mr. Henning was the motorman's superior. He was not present at the accident and did not reach there until ten or fifteen minutes after the collision. The answer to the above-quoted question was received over the objection of the counsel for the railway company and he duly excepted to the ruling of the court. The counsel for the engineering company said: " The only purpose of asking this question is to attack the credibility of the motorman who has denied that any such thing was said." After the plaintiff rested, the counsel for the engineering company

called a witness who was permitted to testify, over the objection and exception of the counsel for the railway company, that he was present and heard Mr. Henning say to the motorman, ten or fifteen minutes after the accident: " You must have been going at a hell of a clip." There is no evidence that the motorman made any reply or that the statement was made under circumstances which would lead the motorman to reply if the statement were not true. We think that this evidence was improperly received and that the judgment against the railway company must be reversed because of such error.

The defense of the railway company was that the car was being operated in a careful and prudent manner and that the accident was caused by the swinging of the boom of the mixer. If the jury had believed the testimony of the motorman that the power on the car had been shut off and that the car was traveling past the mixer at the rate of two or three miles per hour with the boom four or five feet from the track at the time he started to pass there could not have been a recovery against the railway company, so it cannot be successfully urged that the error was immaterial. Anything that affected the credibility of the motorman and tended to cause the jury to disregard his evidence was of vital importance to the defendant railway company. The evidence received was not evidence of a statement made by the witness out of court which was in conflict with evidence upon a material point which he had given upon the trial. It was simply evidence of a declaration of a third party made after the happening of the accident to the witness to which, so far as the record discloses, no reply was made by the witness, and the circumstances under which it was alleged to have been made are not disclosed by the record. It does appear, however, that the person who is alleged to have made it was in the service of the defendant railway company, occupying a position superior to that of the motorman, and it cannot be said that such evidence did not influence the jury and cause the evidence of the motorman to be disregarded. (*Potter* v. *Browne,* 197 N. Y. 288; *Wimmer* v. *Metropolitan Street R. Co.,* 92 App. Div. 258.)

The error was made without any fault on the part of the plaintiff and the evidence was received over the strenuous objection of the counsel for the railway company. In the

case of *Piper* v. *New York State Railways* (185 App. Div. 184), this court reversed a judgment as against all of the defendants because of an error in the judge's charge. It was thought by a majority of the court that the facts in that case required such disposition of the appeal. Two of the members of the court voted, in that case, to reverse the judgment against the New York State Railways, and to affirm the judgment as against the other defendants for the reasons set forth in a dissenting memorandum by Presiding Justice Kruse. We think that the reasons set forth in such memorandum require us, under the facts in this case, to reverse the judgment as against the International Railway Company only and to affirm it as against the Read-Coddington Engineering Company.

The judgment and order are reversed as against the International Railway Company, with costs to it to abide the event, and affirmed as against the Read-Coddington Engineering Company, with costs.

All concurred.

Judgment and order reversed and new trial granted as to the defendant International Railway Company, with costs to it to abide the event. Judgment and order affirmed, with costs, as to the defendant Read-Coddington Engineering Company.