JACOB GOLDSTEIN, Respondent, v. CITY OF NEW YORK et al., Appellants.— In this action to recover damages for personal injuries, three motor vehicles are involved, that is, a bus owned by defendant the City of New York which was being driven by its employee, defendant Burkhart; an automobile owned by defendant Frank Teller, which was being driven by defendant Jeanette Teller; and another automobile owned by defendant Max Herschlag, which was being driven by defendant Jack Herschlag. They were proceeding, in the same lane of traffic, westerly along a well-traveled thoroughfare in the borough of Brooklyn, city of New York, at a time when traffic was heavy, the Herschlag car to the fore, followed successively by the Teller car and the bus. As a result of traffic congestion in front of the Herschlag car, that car was brought to a halt, and likewise the Teller car stopped a few feet behind. However, the bus ran into the rear of the stationary Teller car, which, in turn, was precipitated into the rear of the Herschlag car. Plaintiff, a seated passenger in the bus, fell to the floor of the bus and sustained a fracture of the left femur. The undisputed evidence was that bone union was not achieved despite an operation for that purpose, and a second operation is advisable. At the conclusion of plaintiff's case the complaint as against defendants Herschlag was dismissed; and ultimately a verdict was returned in favor of defendants Teller, but in favor of plaintiff against defendants the City of New York and Burkhart in the amount of $11,500. The trial court, however, granted plaintiff's motion to set aside the verdict as inadequate; to set aside the verdict as to defendants Teller on the ground that their counsel had made a prejudicial remark in his summation to the jury, and on the further ground that the action could not be severed as to them; and to vacate the dismissal as to defendants Herschlag on the same ground of nonseverability. The trial court was further of opinion that the interests of justice entitled plaintiff to a retrial against all the defend-

ants. The court conditioned this determination on the failure of defendants to stipulate to increase the verdict to $20,000, and to assume payment of such increased sum. The appeal is by all defendants from the ensuing order. Order modified on the law and the facts, by inserting the word "said" immediately after the word "unless" in the first ordering paragraph; by striking out the second and third ordering paragraphs, and by providing, in lieu thereof, that plaintiff's motion is otherwise denied and that the action as against defendants the City of New York and Burkhart be severed from the action as against the other defendants by inserting the following: "The City of New York and Joseph Burkhart" immediately after the word "defendants" at each place that it appears in the fourth ordering paragraph; by striking out the following from the fourth ordering paragraph: "who have so stipulated"; by striking out the following from the fifth ordering paragraph: "defendants' failure", and substituting in lieu thereof the following: "failure of defendants The City of New York and Joseph Burkhart" and by inserting the words "against said defendants" immediately after the word "action" in the fifth ordering paragraph. As so modified, the order is affirmed, without costs, and with leave to defendants the City of New York and Burkhart to comply with the provisions with respect to stipulating to increase the verdict by making and filing such stipulation within ten days after the making of an order hereon. The subject remark by counsel could not have prejudiced plaintiff, but only defendant the City of New York, and plaintiff made no protest against it. Plaintiff failed to succeed as against defendants Teller and Herschlag after a fair trial, and is not entitled to a second chance against them merely because he is unwilling to accept the amount of recovery given him against the defendants as to whom he succeeded, particularly when it clearly appears that there was no evidence that the driver of the Herschlag car contributed to the happening of the accident and that the evidence overwhelmingly supports the verdict in favor of defendants Teller. The actions are severable. (*Draper* v. *Interborough R. T. Co.*, 124 App. Div. 357.) Johnston, Acting P. J., Adel, Wenzel, MacCrate and Schmidt, JJ., concur.