■ Stephen Leskody, Respondent, v. Atlantic Stevedoring Co., Inc., Appellant, and Bush Terminal Company, Appellant-Respondent. Atlantic Stevedoring Co., Inc., Third-Party Plaintiff-Appellant, v. Peter Genco, Third-Party Defendant-Respondent.— In an action to recover damages for personal injury sustained by a marine carpenter who, while working on a pier owned by the defendant Bush Terminal Company (and leased to a nonparty to the action), was struck by lumber which fell from a "hi-lo" machine operated by Peter Genco, an employee of the defendant Atlantic Stevedoring Co., Inc., in which action Atlantic: (a) asserted a cross claim against Bush; and (b) served a third-party complaint against the said Genco, as third-party defendant, the parties cross-appeal as follows from a judgment of the Supreme Court, Nassau County, entered October 21, 1963 after trial upon a jury's verdict in plaintiff's favor for $29,000 against both defendants

and in favor of Bush and the said Genco on Atlantic's cross claim and third-party complaint against them, respectively: (1) The defendant Bush appeals from so much of the judgment as awarded damages to plaintiff against it. (2) The defendant and third-party plaintiff Atlantic appeals, as limited by its brief, from so much of the judgment (a) as awarded damages to plaintiff against it; and (b) as dismissed its cross claim against the defendant Bush and its third-party complaint against the said Genco. Judgment, insofar as it is in favor of the plaintiff against the defendant Bush Terminal Company, reversed on the law; action severed as to it; and a new trial granted as between plaintiff and said defendant, with costs to abide the event. In all other respects, the judgment, insofar as appealed from, is affirmed, without costs. The findings of fact implicit in the jury's verdict, except as to the amount of damages, are affirmed. The issue of excessiveness of the damages awarded has not been considered. On August 5, 1958 the plaintiff, a business invitee on Pier No. 5 in Brooklyn, was injured when a "hi-lo" machine, operated by an employee of defendant Atlantic Stevedoring Co., Inc., struck a rut in the paved portion of the pier and discharged its load of lumber onto the plaintiff. The pier was owned by defendant Bush Terminal Company but leased to a nonparty to this action. In the lease, Bush covenanted to "keep and maintain the said premises in good order and repair at its own expense." The lease further provided, however, that "the lessee agrees to give to the lessor reasonable notification of all needed repairs and, in case of the lessee's failure to give such notification, all damage resulting from such disrepair shall be borne by the lessee." Proof was adduced at the trial to the effect that Bush made repairs on the pier as required, but only upon receiving notification to do so by the lessee. Bush made no independent inspections of the pier and undertook no repairs on its own initiative. Although it generally complied with the lessee's notification to repair, there was evidence that Bush failed to repair the defect which caused this accident, despite repeated requests to do so. There was also proof that Bush maintained a security guard at the entrance to the pier and regulated the flow of traffic onto the pier to keep down congestion. The security department of Bush also investigated and made reports of accidents which occurred on the piers, including Pier No. 5, and conducted an investigation and made reports in respect of this accident. A vice-president of Bush went onto the pier to view the scene of the accident, as did the employee in charge of Bush's maintenance men. Employees of Bush repaired the defective condition subsequent to the accident. In our opinion, sufficient evidence was presented to warrant the submission to the jury of the issue of the liability of Bush (cf. *De Clara* v. *Barber S. S. Lines*, 309 N. Y. 620; *Miller* v. *Morse*, 9 A D 2d 188). However, the trial court committed reversible error, to which exception was duly taken, in charging the jury, in effect, that Bush should be held liable to plaintiff if it breached its covenant to repair, notwithstanding that it had not retained any measure of control over the premises (*Cullings* v. *Goetz*, 256 N. Y. 287; *De Clara* v. *Barber S. S. Lines, supra*; *Miller* v. *Morse, supra*). Such error, however, related to the liability of Bush only; it was not prejudicial to Atlantic Stevedoring Co., Inc., whose liability, as found, is predicated upon grounds entirely separate and distinct from those upon which Bush is sought to be held liable. Indeed, Atlantic acknowledges in its brief that it "believes the jury verdict herein is supported by substantial evidence and therefore should stand as recorded". Under the circumstances, a new trial as between plaintiff and the defendant Bush only is in order; and the judgment in plaintiff's favor against the defendant Atlantic should stand (CPLR 5522; cf. *Hewlett* v. *Van Voorhis*, 196 App. Div. 322, affd. 233 N. Y. 642; *Draper* v. *Interborough R. T. Co.*, 124 App. Div. 357; *Moshier*

v. *City of New York*, 190 App. Div. 111; *Reisig* v. *International Ry. Co.*, 190 App. Div. 262; *Goldstein* v. *City of New York*, 281 App. Div. 712). Beldock. P. J., Ughetta, Christ, Brennan and Hopkins, JJ., concur.